IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEWAYNE L. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-1474-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Dewayne L. Day seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on February 18, 2014. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1965 and was 44 years of age on the alleged disability onset of July 10, 2009. Plaintiff has a high school education and past relevant work history as a displayer/merchandiser, trailer rental clerk, route driver, and materials handler.

Here the administrative law judge (ALJ) found that plaintiff had the severe impairments of bilateral knee arthritis and obesity. The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform sedentary work with a sit/stand option; no use of ladders, ropes or scaffolding; no stooping, crouching and crawling; occasionally climb stairs, balance and knee; occasionally finger bilaterally; and limited to simple, unskilled work to account for plaintiff's mental impairments. Based on this RFC and testimony from a vocational expert, the ALJ determined that plaintiff could not do his past relevant work. The ALJ went on to find that considering plaintiff's age, education, and work experience, together with this RFC, plaintiff could do other jobs which exist in significant numbers in the national economy.

Plaintiff argues the ALJ erred in failing to find plaintiff's impairments of depression, anxiety and lumbar degenerative disc disease (DDD) severe and improperly determined plaintiff's RFC. Commissioner argues that the ALJ's evaluation of plaintiff's impairments and RFC were proper and supported by substantial evidence in the record.

After consideration of the parties' arguments and a review of the record, this Court finds the ALJ's decision is supported by substantial evidence in the record.[2]

The ALJ did not err in determining that plaintiff's impairments of depression, anxiety and lumbar degenerative disc disease (DDD) are non-severe. Specifically, the ALJ did not err in determining plaintiff's allegations of disabling symptoms were not credible based on a lack of medical evidence, plaintiff's history of symptom exaggeration, and the inconsistencies in plaintiff's statements and clinical presentation. See Baldwin v. Barnhart, 349 F.3d 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not for the reviewing court). The record also shows plaintiff's work history to be sporadic, with periods of little to no employment. See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) (in evaluating claimant's credibility, the court noted that "a lack of work history may indicate a lack of motivation to work rather than a lack of ability").

The ALJ properly discussed evidence to support his assessment of the plaintiff's RFC. It is the responsibility of the ALJ to determine plaintiff's RFC by considering all relevant evidence, including medical records, medical opinions and claimant's statements about his limitations. Pearsal, 274 F.3d at 1217-18. In this case, the ALJ's determination of plaintiff's RFC was consistent with information from Dr. Dubroy and Dr. Lofgreen, whose opinions were the most supported and most consistent with other credible evidence. The ALJ was proper in failing to give controlling weight to the opinion of plaintiff's primary care physician, Dr. Scott, whose opinion as to the degree of plaintiff's limitations is unsupported by the medical records as a whole. See Randolph v. Barnhart, 386 F.3d 835, 840 (8th Cir. 2004) (a treating physician is not entitled to controlling weight when it is not supported by the objective medical evidence). As discussed above, the ALJ's conclusion to discredit claimant's own description of his limitations, the basis for which was detailed in his decision, was well supported by the record. See Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) (the reviewing court will not substitute its opinion for the opinion of the ALJ in assessing a claimant's credibility). The ALJ also gave plaintiff the benefit of the doubt by accommodating for mental and physical impairments in the RFC. Hence, the ALJ's assessment of the plaintiff's RFC was proper.

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

**Conclusion**

For the reasons set for above, this Court finds there is substantial evidence in the record to support the finding of the ALJ that plaintiff was not under disability as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 19th day of February, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge